FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA FEB 16 PM 12: 30
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

SHALEAH BLACK,

        Plaintiff,

v.

        Civil Action No.: 3: 11-cv-154-J-34mcr

SMITH, DEAN & ASSOCIATES, INC.,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, SMITH, DEAN & ASSOCIATES, by and through the undersigned counsel, Daniel W. Anderson, Esq., Anderson | Pinkard, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Defendant's Notice of Removal, removing this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, to the United States Court for the Middle District of Florida, Jacksonville Division. The removal of this action is based upon the following:

1.     This action was filed in the Circuit Court in the Fourth Judicial Circuit in and for Duval County, Florida on or about January 20, 2011. True and correct copies of the Complaint, and all other papers filed in this action are on the attached disk, pursuant to 28 U.S.C. § 1446 (a).

2.     28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.     The Plaintiff's Complaint seeks damages based upon Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227), Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), Invasion of Privacy by Intrusion on Seclusion (15 U.S.C. § 1692), and Violation of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72).

4.      Based on the allegations in the Complaint, the federal statutes under which Plaintiff has sued Defendants gives rise to jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

5.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1441(c).

6.      Venue is proper in the Middle District of Florida, Jacksonville Division, because the Circuit Court action is pending within the jurisdictional confines of this District and Division. *See* 28 U.S.C. § 1443; 28 U.S.C. § 1446 (a); Local Rule 4.02.

7.      Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal has been given to all parties in this action, and a copy of this Notice will be filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, along with a copy of the Order from Federal Court once it has been entered.

Dated this 14th day of February 2011.

Tracy Martinell Henry
Florida Bar No.: 0073865
**ANDERSON | PINKARD, P.A.**
13577 Feather Sound Drive, Suite 670
Clearwater, FL 33762
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
E-mail: thenry@floridalawpartners.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

regular U.S. Mail this 14th day of February 2011 to:

**Jeremy Kespohl, Esq.**
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250

Tracy Martinell Henry
Florida Bar No.: 0073865

-3-

IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

SHALEAH BLACK

       Plaintiff,

V.

SMITH, DEAN & ASSOCIATES, INC.,

       Defendants.

_____/

CASE NO:
DIVISION:

Ib- 2011-CC- 0 0 0 8 8 5 ... -XXXX-MA
... 12-31

DIV G

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

                     SMITH, DEAN & ASSOCIATES, INC.,
**By Serving:**          **Ronald Smith**
                     **101 Centry 21 Drive #107**
                     **Jacksonville, FL 32216**

       Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:

                     JEREMY KESPOHL, ESQURIE
whose address is:          BROMAGEN & RATHET, P.A.
                     135 2nd Avenue North, Suite 1
                     Jacksonville Beach, FL 32250
                     Telephone (904) 242-0860
                     Facsimile (904) 242-0830

within 20 days after service of this summons on that defendant/respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON January _____

JAN 20 2011

J. FULLER
As Clerk of said Court

ANN SUTTON

BY:_____
                   As Deputy Clerk

(Court Seal)

IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

SHALEAH BLACK

        Plaintiff,

v.

SMITH, DEAN & ASSOCIATES, INC.,

        Defendants.

_____/

CASE NO:
DIVISION:

16- 2011-CC- 0 0 0 8 8 5    -XXXX-MA

## DIV G

### PLAINTIFF'S REQUEST FOR PRODUCTION OF
### DOCUMENTS TO SMITH DEAN AND ASSOCIATES, INC.

Plaintiff, SHALEAH BLACK, by and through her undersigned attorneys, hereby requests

Defendant, SMITH, DEAN & ASSOCIATES, INC., ("Defendant"), to produce the following

items at the offices of the undersigned counsel within the time and in the manner provided for by

Rule 1.350, Fla.R.Civ.P.

This request is intended to cover all documents in possession of the Defendant, or subject

to his custody and control, regardless of location.

As used in this request, the term document means every writing or record of every type

and description that is in the possession, control or custody of the Defendant, including but

without limitation to correspondence, memoranda, stenographic or handwritten notes, studies,

publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, minutes or

statistical compilations, data processing cards or computer records,, files, disks, or tapes or print

outs, agreements, communications, state and federal government hearings and reports,

correspondance, telegrams, memoranda, summaries or records of personal conversations or

interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps,

summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, motion pictures film, brochure, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

When a date is not specified in the request, the applicable date is four years proceeding the date of filing of the Complaint up to the time of Defendant's response.

"FDCPA" means Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

"FCCPA" means Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*

"TCPA" means Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

"Plaintiff" means SHALEAH BLACK

"Defendant" means SMITH, DEAN & ASSOCIATES, INC.,

"Debt" means the debt that Defendant was attempting to collect from the Plaintiff.

"Original Creditor" means the creditor with whom Plaintiff allegedly incurred the debt Defendant sought to collect from plaintiff. "Original Creditor" includes any client of Defendant or other party for whom Defendant was acting in the course of its efforts to collect Plaintiff's alleged debt.

"Subsequent Creditor" means any creditor subsequent to the original creditor to whom the alleged debt of Plaintiff was transferred or who otherwise acquired Plaintiff's debt. "Subsequent Creditor" includes any client of Defendant or other party for whom Defendant was acting in the course of its efforts to collect Plaintiff's alleged debt.

"Automatic telephone dialing system" means an "automatic telephone dialing system" or "predictive dialer" as defined in the TCPA and the FCC's Declaratory Ruling of January 4, 2008 or any device which dials telephone numbers using any computer assisted or automated technology.

2

## DOCUMENTS TO BE PRODUCED

1.     All documents relating to the alleged debt of Plaintiff.

2.     All account history notes relating to the alleged debt of Plaintiff

3.     All documents relating to Defendant's activities to collect the debt allegedly due by Plaintiff.

4.     All documents communicated between Defendant and Plaintiff regarding the collection of the alleged debt.

5.     All documents evidencing the means by which Defendant obtained each telephone number of Plaintiff appearing in Defendant's records

6.     All documents communicated between Defendant and any other debt collector regarding the Plaintiff

7.     All agreements for the collection of debts between Defendant and the original creditor or any subsequent creditor.

8.     All documents communicated between Defendant and the original creditor or any subsequent creditor regarding Plaintiff.

9.     All documents communicated between Defendant and other debt collectors regarding Plaintiff.

10.     Defendant's agreement with its client or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

11.     All documents communicated between Defendant and its clients or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

12.     All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding the FDCPA

3

13.     All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding the FCCPA

14.     All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding the TCPA

15.     All documents acknowledging training by the Defendant regarding the FDCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by Defendant.

16.     All documents acknowledging training by the Defendant regarding the FCCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by Defendant.

17.     All documents acknowledging training by the Defendant regarding the TCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by Defendant.

18.     All complaints against Defendant from any governmental agency.

19.     All complaints against Defendant from the Better Business Bureau.

20.     An Organizational Chart for the Defendant.

21.     All litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

22.     All litigation filed against the Defendant alleging violations of the Florida Consumer Collection Practices Act.

23.     All litigation filed against the Defendant alleging violations of the Telephone Consumer Protection Act.

24.     Any insurance policies covering the Defendant for violation of the Fair Debt Collection Practices Act.

25.     Any insurance policies covering the Defendant for violation of the Florida Consumer Collection Practices Act.

26.     Any insurance policies covering the Defendant for violation of the Telephone Consumer Protection Act.

27.     All scripts used by the Defendant's employees with respect to collection of debts from individuals via telephone.

28.     Transcripts and audio recordings of prerecorded telephone messages transmitted to consumers in an effort to collect a debt.

29.     Transcripts and audio recordings of all incoming and outgoing telephone calls between Defendant and Plaintiff, including any messages left by Defendant for Plaintiff.

30.     All account history notes or other records of Defendant showing any record of telephone calls or other collection efforts of Defendant directed toward Plaintiff.

31.     All credit reports of the Plaintiff, obtained by the Defendant.

32.     All internal documents of the Defendant regarding the use of its collection manuals and collection efforts.

33.     All manuals for all software programs, computer hardware and automatic telephone dialing systems used by the Defendant in its business of collecting debts.

34.     All policies and procedures for communication of voicemail messages to individuals in an attempt to collect a debt.

35.     All policies and procedures regarding Defendant's use of an automatic telephone dialing system in an attempt to collect debts.

36.     All policies and procedure regarding Defendant's use of an artificial or prerecorded voice in its attempt to collect debts.

37.     All policies and procedures regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

38.     All policies and procedure regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone using an artificial or pre-recorded voice.

39.     All documents demonstrating Plaintiff's consent to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

40.     All documents demonstrating Plaintiff's consent to calls placed to Plaintiff's cellular telephone placed by an artificial or pre-recorded voice.

41.     All policies and procedures regarding the determination by the Defendant as to whether its telephone calls to individual cellular telephones are for emergency purposes.

42.     All documents evidencing "skip tracing" of Plaintiff.

43.     All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act.

44.     All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Telephone Consumer Protection Act

45.     All documents, audiotape and videotape evidencing the supervision of its employees by the Defendant.

46.     Personnel files of all current and former employees who supervised the employees who engage in the collection of debts such as debt Plaintiff allegedly owes or owed,

6

their positions and responsibilities and their dates of employment and their last known address if no longer employed by the Defendant.

47.    Personnel files of all current and former employees of Defendant who have contacted Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

48.    Personnel files of all current and former employees of Defendant who have authorized any communication with Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

49.    Personnel files of all current and former employees of Defendant who have approved of any communication with Plaintiff, their position and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

50.    All reports and documents utilized by any expert which Defendant proposes to call at trial.

51.    All exhibits which Defendant proposes to introduce at trial.

52.    All documents that evidence the transfer of Plaintiff's alleged debt from any creditor to Defendant.

53.    All documents that evidence the transfer of Plaintiff's alleged debt from any other debt collector to Defendant.

54.    All documents that evidence the transfer of Plaintiff's alleged debt from Defendant to any other person or entity.

55.    Completed applications for employment, background investigations, background questionnaire for all employees who contacted the Plaintiff, their positions and responsibilties

7

and their dates of employment and their last known address if no longer employed by the Defendant.

56.     All documents that support the factual basis of Defendant's denial of any of the allegations alleged in Plaintiff's Complaint.

57.     Any documents Defendant will rely upon to support any Affirmative Defense to this action.

58.     All documents consulted regarding allegations similar to the allegations alleged in Plaintiff's Complaint in the course of your preparation of your responses to Plaintiff's Request for Production.

BROMAGEN & RATHET, P.A.

JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jeremy.Kespohl@Bromagenlaw.com