3:11-CV-154-J-34MCR

IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

SHALEAH BLACK

    Plaintiff,

v.

SMITH, DEAN & ASSOCIATES, INC.,

    Defendants.

_____/

CASE NO:
DIVISION:

16- 2011-CC- 0 0 0 8 8 5       -XXXX-MA

DIV G

## COMPLAINT, JURY DEMAND AND WRITTEN DISCOVERY REQUESTS

SHALEAH BLACK ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants SMITH, DEAN & ASSOCIATES, INC., ("Defendant") and alleges as follows:

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff also alleges a state law tort for intrusion upon seclusion.

### JURISDICTION AND VENUE

2. Plaintiff is a natural person, and citizen of the state of Virginia.

3. The amount in controversy does not exceed $15,000 exclusive of attorney's fees, costs, and interest.

4. Defendant is a Florida corporation with its principal place of business located at 101 Centry 21 Drive #107, Jacksonville, FL 32216.

5. Defendant uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly conducts business in the state of Florida.

7. Defendant regularly collects or attempts to collect debts for other parties.

8.  Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9.  Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Defendant sought to collect an alleged debt arising from transactions incurred for personal, family or household purposes.

11. An agent, employee, or representative of Defendant, made several calls to Plaintiff's cellular phone in relation to this debt.

12. On multiple occasions, agents, employees, or representatives of Defendant failed to properly identify himself as a debt collector.

13. Based upon information and belief, Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication to Plaintiff.

14. On at least one occasion Defendant contacted a friend of Plaintiff on her cellular telephone.

15. On at least one occasion Defendant disclosed information regarding Plaintiff's debt to the aforementioned friend.

16. On multiple occasion agents, employees, or representatives of Defendant threatened to have Plaintiff arrested.

17. On multiple occasions agents employees, or representatives of Defendant threatened to have an arrest warrant issued for Plaintiff

18. On at least one occasion agents employees, or representatives of Defendant claimed that Plaintiff had one hour to pay the debt or she would be arrested.

19. Based upon information and belief Defendant placed the calls to Plaintiff using an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous phone calls to Plaintiff within four years of the filing of this complaint.

20. On information and belief Defendant continues to make calls to Plaintiff regarding the alleged debt.

21. Plaintiff did not expressly consent to Defendant's telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant' placement of the calls.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227 (B)(1)(a)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692

26. Plaintiff incorporates Paragraphs 1 through 23.

27. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant' communication in violation of 15 U.S.C. § 1692d(6).

28. Defendant placed telephone calls to Plaintiff at a time and place known to be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

29. Defendant engaged in conduct the natural consequences of which were to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

30. Defendant caused the telephone to ring and engaged Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).

31. Defendant made false, deceptive and misleading statements in connection with debt collection in violation of 15 U.S.C. § 1692e.

32. Defendant misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2).

33. Defendant threatened to take action that cannot legally be taken or that it did not intend to take in violation of 15 U.S.C. § 1692e(5).

34. Defendant made false representations and engaged in deceptive practices to collect a debt or obtain information in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

35. Plaintiff incorporates Paragraphs 1 through 23.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

37. Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

38. Defendant intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

39. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

40. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

b.    Such other or further relief as the Court deems proper

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## § 559.72 Fla. Stat.

41.    Plaintiff incorporates Paragraphs 1 through 23.

42.    Defendant willfully communicated with the Plaintiff with such frequency as can reasonably be expected to harass Plaintiff.

43.    On at least one occasion an agent, employee, or representative of Defendant made comments intended to harass Plaintiff.

44.    Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff.

45.    Defendant failed on one or more occasions to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by Plaintiff from whom she or he is collecting or attempting to collect a consumer debt.

46.    On one or more occasion Defendant failed to disclose its name, that it is a debt collector and the purpose of its communications

47.    Defendant used an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone which Plaintiff had not consented to.

48.    Defendant willfully engaged in such behavior is direct violation of Fla. Stat. § 559.72(9) and Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

BROMAGEN & RATHET, P.A.

JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL 32250
(904) 242-0860 Telephone
(904) 242-0830 Facsimile
Jeremy.Kespohl@Bromagenlaw.com

7